UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | Case No: 4:19-CV-00056-TSL-JPK |
| ) | |
| PURDUE UNIVERSITY, ALYSA ) | |
| CHRISTMAS ROLLOCK, KATHERINE ) | |
| L. SERMERSHEIM, CHRISTIE ) | |
| WRIGHT, JEFF ROOZE, JOHN/JANE ) | |
| MOE(S) 1-5, ) | |
| ) | |
| DEFENDANTS. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO ALLOW THE PARTIES TO USE PSEUDONYMS**

Defendants The Trustees of Purdue University, Alysa Christmas Rollock, Katherine L. Sermersheim, Christina Wright, and Jeffrey Rooze, in response to Plaintiff John Doe's Motion to Allow the Parties to Use Pseudonyms [ECF No. 2], state:

**A.     Defendants object only to Plaintiff's request to use a pseudonym for himself.**

Plaintiff's motion "requests an Order requiring the parties use pseudonyms to represent Doe, and Purdue students identified in the Complaint attached hereto as Exhibit A." Pl.'s Mot. 1. The proposed order submitted with the motion provides: "Plaintiff will be referred to as John Doe; (b) the Purdue University student who made allegations regarding John shall be referred to as Jane Roe; (c) Purdue University students identified in Plaintiff's Complaint will be referred by their initials; and (d) Parties will file under seal with this Court un-redacted copies of any redacted exhibits attached to any court filing."

A plaintiff's request to sue by pseudonym is only concerned with the plaintiff's identity, and Defendants' object only to that request. Defendants support use of "Jane Roe" as an

identifier in publicly accessible pleadings. She is a non-party witness who is not seeking judicial relief and therefore stands in a different relationship to this proceeding than does Plaintiff. For the same reason, use of initials for references to other third-party students in docketed filings is appropriate. Presumably during the Rule 26(f) process the parties can negotiate and present a stipulation to the court under Federal Rule of Civil Procedure 26(c) and/or Local Rule 5-3 for "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Therefore the narrow present question is pseudonym relief for the Plaintiff's own name in the case caption and references to him in publicly accessible pleadings.

**B.     Plaintiff's Complaint alleges that his identity is not secret.**

There is no reason to discuss secrecy for information that is not demonstrably secret. Paragraphs 22-33 of Plaintiff's Complaint describe, in anatomical detail, events involving many witnesses at "Party 1" and "Party 2". Plaintiff does not contend or show that he or any participant in those events has kept them confidential.

A pseudonym restriction serves no purpose for information that is already in circulation. Plaintiff's motion makes no effort to establish that his identity is "legitimately confidential information" under *Citizens First*. On the contrary, Plaintiff's Complaint specifically alleges that he is already publicly identified.

Paragraph 1 of the Complaint alleges, "After a consensual sexual interaction between Purdue female student Jane Roe ("Roe") and Doe on the evening of August 16, 2018 and the early morning hours of August 17, 2018, Roe falsely told friends that Doe engaged in sexual misconduct." Paragraph 37 of the Complaint alleges, "After August 16, 2018, Roe began widely disseminating her false allegations that Doe sexually assaulted her to third parties." Thus,

2

according to Plaintiff, since August 2018 he has been publicly identified in connection with the matters at issue in this case.

Paragraph 144 of the Complaint also correctly alleges that the Purdue University Police Department has publicly identified Plaintiff by name as "persona non grata." https://www.purdue.edu/ehps/police/assistance/stats/personanongrata.html. Therefore anyone who has heard of the matter can verify on a Purdue Police website that Plaintiff has been excluded from Purdue's campus since August 2018.

No authority endorses a plaintiff's use of a pseudonym under these circumstances.

**C.     The motion impeaches Plaintiff's claim of innocence.**

Plaintiff is not a sexual assault victim seeking to protect his privacy. Plaintiff asserts that he was disciplined for a consensual sexual encounter. If Plaintiff can prove that the encounter was consensual, there is no reputational harm from doing so. The reputational risk for Plaintiff is that he fails to make the promised proof.

Where, as here, an individual seeks to overcome a finding of sexual assault, the plaintiff must make his showing in his own name. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008) (Section 1983 wrongful-conviction claim brought after the plaintiff's sexual assault conviction was vacated and a pardon was issued). If successful, the plaintiff will have cleared his name. If not, his culpability is rightfully associated with his actual name.

Plaintiff strangely asserts that if he "were forced to prosecute the case in his own name, such disclosure would . . . render useless the suit's primary aim." Pl.'s Mot. 4. How so? Presumably the "suit's primary aim" is to prove that any sexual encounter between Plaintiff and Jane Roe was entirely consensual.

Plaintiff admits that his greatest worry is that he sues in his own name and fails. Pl.'s

3

Mot. 1 (requesting that "this Court, at a minimum, allow pseudonyms until dispositive motions are ruled on"). This admission proves that his pseudonym request is merely an effort to hedge his gamble on relief from this Court. If his gamble fails, he wants to remain anonymous. If he can survive summary judgment, he is willing to be publicly identified. That reasoning directly impeaches Plaintiff's protestation of innocence and is not endorsed by any authority.

**D.      Plaintiff's motion does not demonstrate any exceptional circumstance.**

"The title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). There is a "general rule that parties to federal litigation must litigate under their real names." *Coe v. Cty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998). Parties seeking to litigate anonymously "must demonstrate 'exceptional circumstances' that outweigh . . . the public policy in favor of identified parties[.]" *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, C.J.) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts.")). The Seventh Circuit has never found a suit such as this one to be an "exceptional circumstance."

"[A]nonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Vill. of Deerfield*, 819 F.3d at 377; *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."); *Doe v. Sheriff of DuPage Cty.*, 128 F.3d 586, 587 (7th Cir. 1997) ("Litigation involves the public's business and, except when exceptional circumstances are present, all parties to a suit must be identified.").

Litigation of an allegedly consensual sexual encounter is not an exceptional circumstance justifying pseudonym status. *See Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("most litigation entails embarrassment of some form for one or both parties . . . neither the existence nor the nature of a voluntary sexual relationship, standing alone, is sufficient to warrant sealing a judicial proceeding in whole or in part"). Similarly, workplace sexual-harassment plaintiffs are expected to proceed in their own name even when the evidence encompasses lewd conduct or a past sexual relationship. *See, e.g., Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004) (Posner, J.) ("sexual harassment cases are not brought anonymously even when the facts are gamier than they are here"); *Thomas v. Arbor Green, Inc.*, No. 04-C-212, 2006 WL 2988472 at *4 (E.D. Wis. Oct. 16, 2006) (addressing whether Thomas demonstrated that "the alleged adverse job actions were contingent upon his refusal or submission to further sexual relations with Ms. Wade").

Plaintiff's assertion that intimate details about his conduct will be disclosed to the public is an insufficient basis to permit Doe to proceed under pseudonym. In *Blue Cross*, *supra*, the plaintiff suffered from a psychiatric disorder (obsessive-compulsive syndrome) and filed under a fictitious name because of fear that the litigation might result in the disclosure of his psychiatric records. 112 F.3d at 872. The court stated that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Id.* The court disallowed the plaintiff from further proceeding under a pseudonym but noted that individual medical records could be filed under seal. *Id.*

In *Noe v. Carlos*, the plaintiff proceeded under pseudonym in her complaint, noting she was detained for mental health reasons. No. 2:08 CV 227, 2008 WL 4411558 at *1 (N.D. Ind.

5

Sept. 25, 2008). The court denied plaintiff's motion to proceed under pseudonym, seal the complaint, and redact her name in future filings. *Id*. The plaintiff stated in her motion that "public access to plaintiff's personal health information contained in the complaint and future court material would harm Plaintiff's reputation among colleagues and jeopardize her career advancement." *Id.* In addition to finding that argument to be an insufficient basis to proceed under pseudonym, the court noted that "less dramatic means are available for more specific protection of information." *Id.* (citing *Blue Cross*, 112 F.3d at 872).

A party's embarrassment about past immoral or irresponsible behavior is an insufficient basis for pseudonym status. *Coe v. Cty. of Cook*, 162 F.3d at 498. In *Coe,* a woman whom the plaintiff had impregnated, but to whom he was not married, had an abortion. *Id.* at 493. Plaintiff brought a claim alleging that the hospital should have provided him notice before performing the abortion and attempted to proceed under pseudonym. *Id.* As he had in *Blue Cross*, Judge Posner again stated that plaintiff's use of a pseudonym was unwarranted. *Id.* at 498. "In a few cases a justified interest in privacy warrants concealment of a litigant's name. But not in most cases . . . and not in this one." *Id.*

In *Doe v. Indiana Black Expo, Inc.*, the district court denied plaintiff's attempt to proceed under pseudonym despite plaintiff alleging that if his history of substance abuse and mental health hospitalizations were revealed, his current employment and other business interests would be adversely affected. 923 F. Supp. 137, 141–42 (S.D. Ind. 1996). The court noted that plaintiff's concerns of his economic well-being and possible embarrassment or humiliation were insufficient to overcome the strong presumption against proceeding by fictitious names. *Id.* at 142–43.

**Conclusion**

For the above-stated reasons, Defendants respectfully submit that leave for Plaintiff to use a pseudonym for himself should be denied.

Dated: June 20, 2019.

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Matthew M. Humble (Attorney No. 35259-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: 765-423-1561
Facsimile: 765-742-8175
E-Mail: wpk@stuartlaw.com
*Attorneys for Defendants*