IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION OF LAFAYETTE

| | |
|---|---|
| **John Doe,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 4:19-cv-56-TSL-JPK |
| **Purdue University; Alysa Christmas Rollock;** ) | |
| **Katherine L. Sermersheim; Christie Wright;** ) | |
| **Jeff Rooze; John/Jane Moe(s) 1-5;** ) | |
| ) | |
|     **Defendants** ) | |

**Plaintiff's Reply In Support of Motion to Allow the Parties to Use Pseudonyms**

**Introduction:**

Purdue Defendants[1] lack a basis for alleging "[n]o authority endorses plaintiff's use of a pseudonym under the circumstances" of this case. *Defendant's Response To Plaintiff's Motion To Allow The Parties To Use Pseudonyms,* ECF Doc. 16, p.3 ("Purdue Defendants' Memocontra"). This is because this Court has allowed Purdue students like Plaintiff John Doe ("Doe") to utilize pseudonyms in Title IX lawsuits at least four times in the past few years.

Doe cited three of these cases in support of his motion to use pseudonyms. *See, Plaintiff's Motion To Allow the Parties to Use Pseudonyms,* ECF Doc. 2 ("Doe's Pseudonym Motion")(discussing *Jane Doe v. Purdue Univ., et al.,* No. 4:18-cv-72 JVB-JEM ("Jane Doe

---

[1] Purdue Defendants refers to Defendants: Purdue University ("Purdue"); Purdue Vice President Alysa Christmas Rollock; Purdue Dean Katherine L. Sermersheim; Purdue Senior Associate Director Ms. Christie Wright; Purdue Investigator Mr. Jeff Rooze; and yet to be identified John/Jane Moe(s) who adjudicated disciplinary charges filed against Doe

1

1"); *Mary Doe et al., v. Purdue Univ., et al.,* Case No.4:18-cv-89-JEM, ("Mary Doe"); and *Doe v. Purdue University,* 321 F.R.D. 339 (N.D. Ind. 2017)("2017 John Doe"). The fourth case is *Jane Doe v. Purdue Univ., et al.,* Case No.4:17-cv-94-JVB-JEM, ("Jane Doe 2").

This Court's rulings on these four pseudonym motions are summarized as follows:

1. *2017 John Doe*: granting student's pseudonym motion in case involving Title IX claims brought by student/plaintiff that alleged Purdue erroneously disciplined him in response to allegations of sexual misconduct in part because if: "Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit." *2017 John Doe,* 321 F.R.D. 339, 342 (N.D. Ind. 2017);

2. *Mary Doe*: allowing female Title IX plaintiffs who alleged Purdue erroneously disciplined them for making false allegations of sexual misconduct to proceed under pseudonyms. *Mary Doe*, ECF Doc. 26;

3. *Jane Doe 1*: allowing female Title IX plaintiff to procced under pseudonym over the objection of a defendant who plaintiff identified by name. *Jane Doe 1*, ECF Doc. 38;

4. *Jane Doe 2*: granting pseudonym motion filed by female Title IX plaintiff who alleged Purdue did not adequately respond to her allegations of sexual misconduct. *Jane Doe 2*, ECF Doc. 22;

As detailed below, Doe respectfully requests this Court follow the precedent set by these decisions and grant Doe's Pseudonym Motion.

**Argument:**

I.  Purdue's opposition to Doe's pseudonym motion evidences the unlawful bias detailed in Doe's Complaint

Purdue's responses to students' pseudonym motions evidences unlawful bias detailed in Doe's Complaint. *Compliant,* ECF Doc. 1. Doe's Complaint outlines how Purdue Defendants violated Purdue's Policies, Title IX and Doe's constitutional rights in part by manifesting:

2

> "gender biased motivations against male students like Doe ('GBM'); which is demonstrated, in part, in the direct and Indirect Evidence of Gender Bias[2] outlined in this Complaint; and/or (b) Purdue Defendants' bias in favor of students who accuse other students ('Accusing Students') of engaging in sexual misconduct ('BFAS') which is demonstrated, in part, in the direct and indirect evidence of bias outlined in this Complaint." *Id.*, p.4-5, ¶8

Doe's Complaint also detailed how pressure related to *Mary Doe*, *Jane Doe 1,* and *Jane 2* lawsuits caused Purdue Defendants to exhibit GBM and/or BFAS that violated Purdue's Policies, Title IX and Doe's constitutional rights.  See generally, Doe's Complaint, ECF Doc. 1, pgs.11-14; ¶¶ 41-49 (discussing same).

Here, Purdue's responses to students' pseudonym motions displays GBM and/or BFAS because Purdue does not oppose Purdue Accusing Students'[3] pseudonym motions even though Purdue believes these students' lawsuits are meritless.  *See generally, Id.* (detailing why Purdue believes Purdue Accusing Students' lawsuits lack merit).  Instead, Purdue filed statements of non-opposition to Purdue Accusing Students' pseudonym motions.  *See, Jane Doe 1*, ECF Doc. 32, (containing Purdue's statement of non-opposition to pseudonym motion); *Jane Doe 2,* ECF Doc. 21, (same); *Mary Doe*, ECF Doc. 25*,* (containing Purdue's statement of non-opposition to pseudonym motion filed Purdue Accusing Student Mary Doe).

Similarly, the factual and legal positions advanced in Purdue's responses to Purdue Accusing Students' pseudonym motions evidences GBM and/or BFAS.  In this case, Purdue

---

[2] Doe's Complaint defined the term "Indirect Evidence of Gender Bias" as referring "to statements from which at least the following inferences can be drawn: (1) a primary advocacy on behalf of females who allege males engaged in sexual misconduct; (2) minimal or no advocacy on behalf of males who are alleged to have engaged in sexual misconduct towards females; (3) minimal or no advocacy for protecting females from sexual misconduct perpetrated by other females; and/or (4) minimal or no advocacy for protecting males from sexual misconduct perpetrated by females." *Doe's Complaint,* ECF Doc. 1, p.5, fn.2.

[3] Purdue Accusing Student(s) refers to the plaintiffs in *Jane Doe 1* and *Jane Doe 2* and the plaintiff Mary Roe in the *Mary Doe*.

Defendants claim Doe must use his real name while allowing pseudonyms for other Purdue students such as Purdue Student Jane Roe who falsely accused Doe of sexual misconduct. *Purdue's Memocontra,* ECF Doc. 16, p.1-2.  Purdue took the opposite approach in *Jane Doe 2*.  In that case, Purdue did not oppose the Purdue Accusing Student's request that pseudonyms be used for the plaintiff and the student who allegedly engaged in sexual misconduct.  *See, Jane Doe 2,* ECF Doc. 22 (granting pseudonym motion while noting Purdue did "not object to the request to anonymize the identifies of Plaintiff and her alleged attacker.").

Moreover, Purdue's decision to oppose pseudonym motions filed by accused students like Doe - while not opposing similar motions by Purdue Accusing Students - cannot be squared with Purdue Defendants' arguments in this case.  For example, Purdue Defendants cite two court decisions involving "workplace sexual-harassment." *Purdue Defendants' Memocontra,* p.5  (discussing *Doe v. City of Chi.*, 360 F.3d 667 (7th Cir. 2004); *Thomas v. Arbor Green, Inc.*, No. 04-C-212, 2006 WL 2988472 (E.D. Wis. Oct. 16, 2006)).  Purdue Defendants allege these decisions stand for the proposition that: "plaintiffs are expected to proceed in their own name[s] even when evidence encompasses lewd conduct or a past sexual relationship." *Id.*  Yet, Purdue does not oppose Purdue Accusing Students' pseudonym motions that seek to protect their anonymity in lawsuits involving their sexual relationships with others.

Therefore, Doe requests this Court find Purdue's biased response to pseudonym motions, when coupled with the facts and law below, warrant the granting of Doe's Pseudonym Motion.

II.    This Court has previously rejected Purdue Defendants' argument for denying Doe's Pseudonym Motion.

This court's pseudonym orders in *Mary Doe* and *2017 John Doe* reject the factual and legal arguments in Purdue's Memocontra.  For in these cases, Purdue advanced arguments

4

based on substantially the same court decisions as those in Purdue's Memocontra. *Compare, Purdue's Memocontra, ECF. Doc. 16* (citing the following decisions in support of Purdue Defendants' opposition to Doe's Pseudonym Motion:  *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008);[4] *Coe v. Cty. Of Cook*, 162 F.3d 491 (7th Cir. 1998); *Doe v. Vill. of Deerfield*, 819 F.3d 372 (7th Cir. 2016); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Doe v. Sheriff of DuPage Cty.*, 128 F.3d 586 (7th Cir. 1997); *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F.Supp. 3d 583 (E.D. Va. 2016);[5] *Doe v. City of Chi.*, 360 F.3d 667 (7th Cir. 2004); *Thomas v. Arbor Green, Inc.*, No. 04-C-212, 2006 WL 2988472  (E.D. Wis. Oct. 16, 2006); *Noe v. Carlos,* No. 2:08 CV 227, 2008 WL 4411558 at *1 (N.D. Ind. Sept. 25, 2008); Mary Doe and Nancy Roe *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137 (S.D. Ind. 1996); with *Mary Doe*, ECF Doc. 24, (containing Purdue's opposition to plaintiff Mary Doe's pseudonym motion based on: *Coe v. Cty. Of Cook*, 162 F.3d 491; *Doe v. Vill. of Deerfield*, 819 F.3d 372; *Doe v. Sheriff of DuPage Cty.*, 128 F.3d 586; *Doe v. Smith*, 429 F.3d 706; *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869; *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F.Supp. 3d 583; *Doe v. City of Chi.*, 360 F.3d 667; *Thomas.*, 2006 WL 2988472; *Noe v. Carlos,* 2008 WL 4411558; *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137); and *2017 John*

---

[4]  Purdue Defendant allege *Dominguez* supports the denial of Doe's Pseudonym Motion.  *Purdue Memocontra,* ECF Doc. 16, p. 3.  This argument lacks merit because  *Dominguez* addresses neither a pseudonym motion nor the pseudonym issues before this court.  *Dominguez,* 545 F.3d 585.

[5] Purdue Defendants claim *Doe v. The Rector & Visitors of George Mason Univ.* supports the rejection of Doe's Pseudonym Motion.  *Purdue Memocontra,* ECF Doc. 16, p. 5.  This claim lacks merit because the plaintiff in that case was permitted to proceed under a pseudonym.  *Doe v. The Rector & Visitors of George Mason Univ.,* 179 F.Supp. 3d 583.

*Doe*, ECF Doc. 16, pgs. 2-3 (containing Purdue's opposition to plaintiff's pseudonym motion based on *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137 (S.D. Ind. 1996).

Moreover, unlike Doe's Pseudonym Motion, Purdue's Memocontra does not specifically address the five factors relevant to the pseudonym decision before this Court. *See, Doe's Pseudonym Motion,* ECF Doc. 2, p.2 (discussing five factors detailed in *2017 John Doe,* 321 F.R.D. 339, 341 (N.D. Ind. 2017).[6] For instance, Purdue's Memocontra is silent on the first of these five factors which is: "whether the plaintiff is challenging governmental activity." *Id.* In *Jane Doe 1* and *Mary Doe*, this Court noted this factor favored pseudonym status because:

> . . . . when suing the government, a plaintiff 'presumably represents a minority interest . . . and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.' *Jane Doe 1,* ECF Doc. 38, p.3 (quoting *Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *2 (S.D. Ind. Aug. 7, 2006); *Mary Doe,* ECF Doc. 29, p.3 (same).

Similarly, this Court noted the first factor favored pseudonyms for two reasons identified in Doe's Pseudonym Motion: (1) pseudonyms would decrease the potential Purdue might damage plaintiff's "academic career" in the future because it would limit the number of Purdue employees that would learn plaintiff's name, and (2) pseudonyms were warranted because plaintiff was "challenging governmental activity" which included "activity by Purdue itself." *Compare Mary Doe,* ECF Doc. 29, p.3, with *Doe's Pseudonym Motion,* ECF Doc. 2, p.3

---

[6] It should be noted, neither Purdue's Memocontra nor this Court's pseudonym rulings on motions filed by Purdue students address the third factor which is "whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *2017 John Doe,* 321 F.R.D. 339, 341-42 (N.D. Ind. 2017)(discussing same); *Jane Doe 1,* ECF Doc. 38 (granting pseudonym motion without evaluating third factor); *Jane Doe 2,* ECF Doc. 22 (same); *Mary Doe,* ECF Doc. 29 (same).

(requesting pseudonym status in part based of future academic career concerns and Purdue Defendant's violation of Doe's constitution rights and Title IX).

Doe's Pseudonym Motion also presents facts similar to those this Court determined satisfy the second pseudonym factor: whether a plaintiff would be required to disclose information of the utmost intimacy.  In *Mary Doe,* this Court rejected Purdue's argument that Mary Doe be denied anonymity because she did not "allege [a] sexual assault."  *Mary Doe,* ECF Doc. 29, p.2. It did so because Mary Doe's claims against Purdue "clearly" required her to "reveal private and intimate information." *Id.*  In reaching this decision, this Court discussed *2017 John Doe* which involved a plaintiff who – like Doe and Mary Doe – alleged Purdue imposed unlawful discipline in a Title IX disciplinary proceeding.  *Id.*

In particular, this Court noted the plaintiff in *2017 John Doe* "was permitted to proceed under a pseudonym because the case involved 'information regarding the sexual relationship, the accuser's allegations of sexual misconduct, and the details of the University's findings." *Id*. (quoting *Doe v. Purdue,* 321, F.R.D. at 342).  As a result, Doe requests this Court look to its earlier rulings and grant Doe's Pseudonym Motion.

This is particularly warranted because this Court previously rejected Purdue Defendants' arguments regarding the forth factor which addresses whether a plaintiff would suffer injury if identified.  This Court determined the forth factor favored the plaintiff in *2017 John Doe* by observing

> If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving . . . Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity 'would further exacerbate the emotional and reputational injuries he alleges' . . . [t]he Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing

> Plaintiff to reveal his identity would have on future plaintiffs facing similar situations . . . [in part because the] nature of the internet in present society also makes case-related information associated with an individual's name accessible. *2017 John Doe,* 321 F.R.D. at 342-43 (internal citations omitted).

Doe's Pseudonym Motion advances this same rational as supporting the fourth factor. *See, Doe's Pseudonym Motion*, ECF Doc. 2. Yet, Purdue Defendants argue Doe's rational lacks merit. *Purdue Memocontra,* ECF. Doc.16, p.3. This Court should reject Purdue Defendants' argument.

This Court should also reject Purdue Defendants claim that pseudonyms are unnecessary because Doe "is already publicly identified" via: (a) the Complaint's description of two parties he attended at Purdue with Jane Roe; (b) Jane Roe's dissemination of her allegations regarding Doe to third parties; and (c) Purdue's publishing of Doe's name on Purdue's "persona non grata" list. *Purdue's Memocontra,* ECF Doc. 16, p.3-4. These claims lack merit for at least four reasons. First, Purdue's "persona non grata" list identifies more than 60 individuals and does not disclose the reasons they are barred from Purdue. *See,* https://www.purdue.edu/ehps/police/assistance/stats/personanongrata.html. (containing Purdue's "persona non grata" list (last accessed June 24, 2019). Consequently, it would be nearly impossible for third parties to use the "persona non grata" to identify Doe as the plaintiff in this case.

Second, Purdue Defendants' arguments manifest GBM and/or BFAS because Purdue has not made similar arguments in opposing Purdue Accusing Students' pseudonym motions. For instance, in *Jane Doe 1*, Purdue did not oppose the plaintiff's pseudonym motion even though her disputes with Purdue had "drawn media attention and public comment." *Jane Doe 1,* ECF Doc. 38, p.6 (granting pseudonym motion in part because of plaintiff's fears related to additional media attention and public comment if motion were denied).

Third, this Court rejected similar arguments in *Mary Doe*. In that case, Purdue claimed Mary Doe's pseudonym motion should be rejected because she "publiciz[ed]" her allegations against Purdue in "public[]" and "on television." *Mary Doe*, ECF Doc. 24, p.2. Nevertheless, this Court granted the pseudonym motion. *Mary Doe,* ECF Doc.26. Here, there is no evidence of press reports or social media posts regarding Doe's disciplinary proceeding. Consequently, since pseudonyms were permitted in *Mary Doe,* a similar decision is warranted here.

Fourth, Purdue's Memocontra is silent on concerns raised in Doe's Pseudonym Motion about how at least two male students committed suicide after their universities mishandled allegations that they engaged in sexual misconduct. *See generally, Doe's Pseudonym Motion,* ECF Doc. 2, pgs.4-5 (discussing same). Instead of addressing these concerns, Purdue Defendants incorrectly allege Doe's Pseudonym Motion must be denied because individuals observed Doe and Jane Roe interact at two parties or because Jane Roe disseminated her false allegations of sexual misconduct to third parties.

Purdue Defendant's allegations lack merit because there is no evidence these individuals were aware of the central issue in this case - Purdue's violation of Doe's constitutional rights, Title IX, and Purdue's Policies by unlawfully expelling Doe. Courts routinely acknowledge students like Doe are subject to great risk of injury if their involvement in Title IX disciplinary proceedings is publicly disclosed. For instance, the Sixth Circuit noted:

> Time and again, this circuit has reiterated that students have a substantial interest at stake when it comes to school disciplinary hearings for sexual misconduct . . . Being labeled a sex offender by a university has both an immediate and lasting impact on a student's life . . . [h]is personal relationships might suffer. And he could face difficulty obtaining educational and employment opportunities down the road, especially if he is expelled." *Doe v. Baum*, 903 F.3d 575, 582 (6th Cir. 2018)(internal citations omitted).

In fact, in addition to this Court's pseudonym decisions above, at least 15 other courts have permitted plaintiffs like Doe to proceed under a pseudonym to avoid the severe social stigma resulting from public association of their identities with Title IX disciplinary proceedings. *See, Doe v. Univ. of St. Thomas*, No. 16-CV-1127- ADM-KMM, 2016 WL 9307609, at *2-4 (D. Minn. May 25, 2016) (granting pseudonym motion of male student challenging university finding of sexual assault, reasoning, in part: "[i]t does not require speculation or surmise to realize that a young man found to have committed a non- consensual sexual act at a university . . . could be permanently harmed by release of that information even if he later prevails in his challenge to the validity of the process that judged him guilty in the first place. This is particularly so in light of the highly charged attention being paid to issues of sexual assault and affirmative consent on campuses today"); *Doe v. Trustees of Dartmouth College,* No. 18-cv-040-LM, 2018 WL 2048385, *5-6 (D.N.H. May 2, 2018) (granting pseudonym motion in case challenging university finding of sexual misconduct, reasoning in part that: "Plaintiff has a reasonable fear that, whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation" . . . [which] is only exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation."); *Doe v. Trs. of Univ. of Pennsylvania*, 2:16-cv-05088-JP, ECF Document 12, (E.D. Pa. Sept. 26, 2016)(granting motion for pseudonym, noting the plaintiff "has a legitimate fear or significant harm should the preliminary finding of his responsibility for a sexual assault be made public" while noting "there is a public interest in maintaining the confidentiality of the parties in this private, sensitive matter and little public interest in knowing Plaintiff's identity because the

issues raised in this case are purely legal."); *Doe v. Colgate Univ.*, No. 5:15-cv-01069-LEK-DEP, 2016 U.S. Dist. LEXIS 48787, at *11 (N.D.N.Y. Apr. 12, 2016)( granting pseudonym motion of male student because the "Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Doe v. University of Notre Dame*, No. 3:17CV298-PPS/MGG, at 6 (N.D. Ind. May 8, 2017) ECF Doc. No. 46 (granting pseudonym motion in part because "[b]eing charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma."); *Doe v. Alger*, 317 F.R.D. 37, at * 42 (W.D. Va. Mar. 31, 2016) (holding plaintiff's "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Brandeis Univ.*, No. 1:15-cv-11557-FDS, ECF Doc. No. 16-1 (D. Mass. June 17, 2015) (granting motion to proceed under pseudonym, noting that "[t]he current record suggests that plaintiff could be subject to 'social stigmatization' . . . if his name is revealed"); *Doe v. Washington & Lee Univ.*, No 6:14-cv-00052, 2015 U.S. Dist. LEXIS 102426 (W.D. Va. Aug. 5, 2015) (granting plaintiff's motion to proceed under pseudonym); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) (same); *Doe v. Reed Institute*, No. 3:15-cv-617, ECF Doc. No. 9 (D. Or. Apr. 14, 2015) (same); *Doe v. Swarthmore College*, No. 2:14-cv-00532-SD, ECF. Doc. No. 3 (E.D. Pa. Jan. 29, 2014) (same); *Doe v. Williams Coll.*, No. 1:13-cv-11740, ECF Doc. No. 12 (D. Mass. Sept. 5, 2013) (same); *Doe v. George Washington*

*Univ.*, No. 1:11-cv-00696-RLW, ECF Doc. No. 2 (D.D.C. Apr. 8, 2011) (same); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-T 30EAJ, 2015 U.S. Dist. Lexis 69804 (M.D. Fla., May 29, 2015) (same).

Doe's Pseudonym Motion should also be granted because Purdue's Memocontra ignores the fifth factor in evaluating pseudonym motions. This factor is: "whether the party defending against a suit brought under a pseudonym would be prejudiced." *2017 John Doe,* 321 F.R.D. 339, 341 (N.D. Ind. 2017). Purdue Defendants likely ignored this factor because they cannot be prejudiced if Doe's Pseudonym Motion is granted since they know the identifies of the students involved in this case – something this Court will also learn if it grants Doe's request to file unredacted versions of public documents under seal.

Additionally, Purdue Defendants' desire to force Doe to proceed under his real name conflicts with Purdue's obligations under The Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, ("FERPA"). FERPA requires Purdue keep the names of Doe, Jane Roe, and the students involved in Doe's disciplinary proceeding confidential. *Id.* As a result, Doe's Pseudonym Motion should be granted because it allows greater public access to the facts in this case since the denial of the motion would likely result in Purdue's request to file all documents with student information under seal. *See e.g., Purdue's Memocontra,* ECF Doc. 16, p.2 (detailing Purdue Defendant's intent to "negotiate" a protocol under which the parties will file "categor[ies] of legitimately confidential information" with this Court).

This likely outcome undermines Purdue Defendants' argument that the "public" would be prejudiced if Doe's Pseudonym Motion is granted. *See generally, Purdue's Memocontra,* ECF Doc. 16, p.4. For, the alternative to pseudonyms - filing documents under seal - would limit, rather than promote, the overall transparency of these proceedings. Moreover, Purdue

12

Defendants ignore Doe's "alternative" proposal which is that: "this Court, at a minimum, allow pseudonyms until dispositive motions are ruled on. *Doe's Pseudonym Motion,* ECF Doc. 2, pgs.1-2. Purdue Defendants alleged Doe's "alterative":

> is merely an effort to hedge his gamble on relief from this Court. If his gamble fails, he wants to remain anonymous. If he can survive summary judgment, he is willing to be publicly identified. That reasoning directly impeaches Plaintiff's protestation of innocence <u>*and is not endorsed by any authority*</u>. *Purdue's Memocontra,* ECF Doc. 16, p.4 (emphasis added).

Contrary to Purdue Defendants' claim, Doe's Pseudonym Motion identified three court decisions that allowed pseudonyms until trial or after dispositive motions are ruled on. *Doe's Pseudonym Motion,* ECF Doc. 2, pgs.1-2 (discussing *Malibu Media, LLC v. Reynolds*, No. 12 C 6772, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013); *EEOC v. SPOA, LLC*, 2013 U.S. Dist. Lexis 148145, *12 (D. Md., Oct. 15, 2013); *Doe v. De Amigos LLC*, 2012 U.S. Dist. Lexis 190501(D.D.C., Apr. 30, 2012). More importantly, Doe's "alterative" is not a "gamble." Rather, it is an acknowledgment this Court may determine trial testimony must be presented by Purdue students who use their real names.

Simply put, there is no countervailing public interest in having Doe, Jane Roe and other Purdue students identified publicly. To the contrary, denying the use of pseudonyms would chill the public's interest in protecting the reputations of citizens exposing college employees who seek to unlawfully destroy the reputations of their citizen students.

**<u>Conclusion</u>**

For the foregoing reasons, Doe respectfully requests this Court execute Doe's proposed order which states: (a) Plaintiff will be referred to as Doe; (b) Doe's accuser shall be referred to as Roe; (c) Purdue students involved in this proceeding will be referred by their initials; and

(d) Parties will file under seal with this Court un-redacted copies of any redacted exhibits attached to any court filing.

In the alternative, Doe requests this Court allow pseudonyms at least until this Court resolves any dispositive motions. Or, if this Court finds Doe may not utilize pseudonyms, Doe respectfully requests leave to file an amended pleading that contains the names of Doe, Roe, and the other Purdue Students identified in the Complaint rather than have the suit dismissed.

Respectfully Submitted,

/s/ Eric J. Rosenberg
Eric J. Rosenberg (Ohio Bar No. 0069958)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com

**CERTIFICATE OF SERVICE**

I hereby certify that June 28, 2019, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered parties.

*/s/ Eric J. Rosenberg*
Counsel for Plaintiff John Doe