UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOHN DOE,<br>      Plaintiff,<br><br>      v.<br><br>PURDUE UNIVERSITY, ALYSA<br>CHRISTMAS ROLLOCK, KATHERINE<br>L. SERMERSHEIM, CHRISTIE WRIGHT,<br>JEFF ROOZE, and JOHN/JANE MOES 1-5,<br>      Defendants. | )<br>)<br>)<br>) CAUSE NO.: 4:19-CV-56-TLS-JPK<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Allow the Parties to Use Pseudonyms [DE 2], filed by Plaintiff John Doe on June 3, 2019. Defendants[1] filed a response on June 20, 2019, and Plaintiff filed a reply on June 28, 2019. For the reasons stated below, the Court grants the motion.

## BACKGROUND

On June 3, 2019, Plaintiff filed his Complaint, alleging that he was wrongly expelled from Purdue University because of a disciplinary case based on false accusations of sexual misconduct. Plaintiff alleges a denial of his due process rights under the Fourteenth Amendment to the United States Constitution brought pursuant to 42 U.S.C. § 1983, violation of section 12, article I of Indiana's constitution, violation of Title IX of the Education Amendments of 1972, a denial of his equal protection rights under the Fourteenth Amendment to the United States Constitution, and breach of contract.

---

[1] The Moe parties have not been named and have not appeared. All of the named Defendants filed a joint response.

# ANALYSIS

In the instant motion, Plaintiff asks the Court to allow and require the use of the pseudonym "John Doe" for any references to Plaintiff, the pseudonym "Jane Roe" for the individual who accused him of sexual assault, and the use of only initials for other Purdue students involved in this litigation. The motion also asks the Court to require the parties to file sealed unredacted copies of any redacted exhibits attached to filings. In the alternative, Plaintiff requests that the Court allow him to litigate under a pseudonym until the Court rules upon any dispositive motions. Defendants object to the use of a pseudonym for Plaintiff and agree to the requests for relief regarding Plaintiff's accuser, other Purdue students, and redacted exhibits. Because good cause exists for the agreed matters, the Court grants that relief. Accordingly, the remaining issue before the Court is whether Plaintiff can proceed as "John Doe" or whether he must disclose his name publicly on the docket.

A few notes regarding how Plaintiff frames the issue are in order before turning to the applicable legal standards. In his opening brief, Plaintiff states that he is asking for this relief because the potential harm he faces "outweighs the possible prejudice to Purdue and Purdue's employees identified as defendants in this Complaint . . . ." (Pl.'s Mot. 1, ECF No. 2). As discussed below, this Court must balance much more than the prejudice borne by two private litigants. Taxpayers fund the courts, and they expect to monitor the administration of justice through public court proceedings and open court files.

Plaintiff's reply brief takes the Defendants to task for having inconsistent positions regarding motions to allow litigation to proceed anonymously when those requests involve plaintiffs who allege they were victims of sexual assault versus those who claim an educational institution unfairly imposed punishment based upon a false report of sexual assault or harassment.

That too misses the mark. The victim of sexual assault has, in many ways, a greater privacy interest in shielding his or her identity than one who, like Plaintiff here, claims that any sexual involvement was consensual and voluntary. That is not to say Plaintiff's concerns over the possibility that he could prevail in this litigation and still face negative consequences if his name is further tied to Purdue's expulsion of him does not carry weight. It simply recognizes that Defendants' decision to take a different approach when plaintiffs seek to proceed anonymously after alleging they were victims of sexual assault is not unwarranted.

"Federal Rule of Civil Procedure 10 requires that the caption of the Complaint include the names of all the parties, and Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party in interest." *Doe v. Purdue Univ.*, 321 F.R.D. 330, 340 (N.D. Ind. 2017) (citing Fed. R. Civ. P. 10, 17). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that the "unusual practice" of proceeding under a fictitious name "has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))). "[T]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th

Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013); *Purdue Univ.*, 321 F.R.D. at 341.

The Seventh Circuit Court of Appeals has not articulated a test or elements for determining when exceptional circumstances exist to justify allowing a party to proceed under a pseudonym. However, in analyzing this issue in a case similar to the one at bar, the United States District Court for the Northern District of Indiana found that courts consider the following non-exclusive factors:

1. Whether the plaintiff is challenging governmental activity;

2. Whether the plaintiff would be required to disclose information of the utmost intimacy;

3. Whether the plaintiff would be compelled to admit his intention to engage in illegal conduct, risking criminal prosecution;

4. Whether the plaintiff would risk suffering injury if identified;

5. Whether the party defending against a suit brought under a pseudonym would be prejudiced;

6. Whether the interests of children are at stake;

7. Whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party;

8. Whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; and

9. Whether the plaintiff's identity has thus far been kept confidential.

*Purdue Univ.*, 321 F.R.D. at 341. In compiling this list, Magistrate Judge Cherry cited *Indiana Black Expo*, 923 F. Supp. at 140 for the first seven factors and *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008), cited with approval by the Seventh Circuit Court of Appeals in *Elmbrook Sch. Dist.*, 658 F.3d at 724, for the last two factors.

The decision whether to allow a party to proceed pseudonymously is within the discretion of the court. *Doe v. City of Indianapolis*, 2012 WL 639537, at *1 (citing *K.F.P. v. Dane Cty.*, 110 F.3d 516, 519 (7th Cir. 1997)). In exercising that discretion, the Court considers each factor set

forth above. And, as discussed below, the Court will also consider an additional factor that bears upon the interests of Jane Roe.

Regarding the first factor, Purdue University is a state university, and Plaintiff is challenging the university's handling of the complaint brought against him. This factor favors Plaintiff's request. *See Purdue Univ.*, 321 F.R.D at 341-42 (citing *Doe v. City of Indianapolis*, 1:06-CV-865, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006) ("Generally, where a plaintiff attacks governmental activity, such as a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.")).

Next, the facts of this case include a sexual encounter between Plaintiff and his accuser. He alleges it was consensual; she informed Purdue University authorities that it was not. The details contained in the Complaint rise to the level of "information of the utmost intimacy." Other courts have permitted pseudonymous litigation in cases like these against institutions of higher education. *See id.* at 342 (collecting cases). This factor weighs in favor of permitting use of a pseudonym.

The third factor—whether Plaintiff would be compelled to admit intention to engage in illegal conduct, thereby risking criminal prosecution—is not at issue in this case.

The fourth and eighth factors are connected, so the Court considers them together. Plaintiff asserts that revealing his identity would create the very harm that he brought this lawsuit to avoid— "the irreparable reputational injury of having an unfounded allegation[] of sexual misconduct brought against Doe by Purdue Student Jane Roe." (Mot. 3, ECF No. 2). If Plaintiff is successful in his claims against Defendants but is required to publicly name himself in the process, the revelation of Plaintiff's identity "would further exacerbate the emotional and reputational injuries

5

he alleges." *Doe v. Colgate Univ.*, No. 5:15-CV-1069, 2016 WL 1448829, *3 (N.D.N.Y. Apr. 12, 2016). As the court in *Colgate University* reasoned:

> The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations.

*Id.* (citing *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 573 (D. Mass. 2016)). "[B]eing charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma." *Doe v. Univ. of Notre Dame*, No. 3:17-cv-298 ¶ 28 (N.D. Ind. May 8, 2017) (citing *Brandeis Univ.*, 177 F. Supp. 3d at 602; *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 613 (E.D. Va. 2016)). "The nature of the internet in present society also makes case-related information associated with an individual's name accessible." *Purdue Univ.*, 321 F.R.D. at 343. These factors weigh in favor of permitting Plaintiff to use a pseudonym.

A related issue is whether disclosure of Plaintiff's identity could harm third parties. Jane Roe, who is not named in the instant litigation, accused Plaintiff of sexual assault. (Compl. ¶ 1, ECF No. 1) The Complaint in this case also lists a number of social media platforms[2] and indicates that Roe and the Plaintiff attended at least two parties together where other college students were present. If these facts are true, it is entirely possible that any identification of Plaintiff could,

---

[2] The Court is mindful that that particular platforms may not have publicly available information or postings, yet other platforms, used by Plaintiff, Roe, or any of the students present, could certainly divulge pictures or personal information.

through a historical review of social media, indicate the true or likely identity of Jane Roe. The parties have not addressed this issue, but the Court is hesitant to take a step that could result in such an outcome without the parties considering such a possibility. Any motion to publicly disclose Plaintiff's identity in the future should address this issue. It is understandable that this was not addressed previously since it does not neatly fit within the factors set forth above. However, given the modern realities of social media, it is an issue this Court will consider.

As for the fifth factor, Defendants presented no argument that they will be impeded in presenting their defense in this Court if Plaintiff is permitted to proceed anonymously. Accordingly, this factor favors Plaintiff.

The sixth factor—the interests of children—does not apply.

As for whether Plaintiff's identity has thus far been kept confidential, there is no evidence that it has not. Defendants note that, based on the Complaint, Plaintiff indicated that there were witnesses to the events at issue. This fact does not negate his efforts to keep this matter confidential. That certain individuals—especially those who provided statements during Purdue University's handling of the complaint against Plaintiff—know Plaintiff's identity does not negate the confidentiality of Plaintiff's identity. Similarly, that Plaintiff's accuser may have revealed Plaintiff's identity to third parties does not render Plaintiff's identity so widely known that he has lost any substantial interest in confidentiality. Defendant also states that Plaintiff is listed as a persona non grata on Purdue University's website. By the Court's count, there are four individuals named on that list who were deemed persona non grata as of the month that Defendants state that Plaintiff was deemed as such. Perhaps if one knew Plaintiff's name, then one could find material linking Plaintiff to Roe's allegations and the subsequent investigation, but this places the cart before the horse. No evidence has been brought before the Court of press releases, media coverage,

7

or even a publicly viewable website that directly connects Plaintiff by name to the complaint against him. This factor supports Plaintiff's motion.

Finally, there do not appear to be any less drastic means of protecting the legitimate interests of either Plaintiff or Defendants. And, the public interest will continue to be served as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identities of Plaintiff and his accuser are of minimal value to the public.

Having balanced the factors, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Plaintiff exceeds the likely harm from concealment. However, the Court recognizes that, over the course of litigation, circumstances could change the proper amount of weight each factor should bear. Therefore, the Court grants leave to Defendants to file a motion to reconsider due to changed circumstances, including if circumstances change after the resolution of dispositive motions.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion to Allow the Parties to Use Pseudonyms [DE 2] and **ORDERS** the parties to use the pseudonym "John Doe" for Plaintiff, the pseudonym "Jane Roe" for Plaintiff's accuser, and initials to refer to other Purdue students. The Court further **ORDERS** the parties to file under seal unredacted copies of any redacted materials submitted to the Court.

The Court **GRANTS LEAVE** to Defendants to file a motion to reconsider based on changed circumstances.

So ORDERED this 19th day of August, 2019.

                                              s/ Joshua P. Kolar
                                              MAGISTRATE JUDGE JOSHUA P. KOLAR
                                              UNITED STATES DISTRICT COURT