UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO: 4:19-CV-00056-TSL-JPK |
| ) | |
| PURDUE UNIVERSITY, KATHERINE ) | |
| L. SERMERSHEIM, ) | |
| ) | |
| Defendants. ) | |

### BRIEF IN SUPPORT OF PURDUE UNIVERSITY'S MOTION TO COMPEL PLAINTIFF TO ANSWER INTERROGATORIES

Defendant The Trustees of Purdue University ("Purdue"), by counsel, submits this brief in support of its motion to compel Plaintiff to fully and completely respond to Purdue's Interrogatory Nos. 6-7 and 11-16. Plaintiff's responses to Interrogatory Nos. 6-7 improperly invoke Federal Rule of Civil Procedure 26(a)(2)(D) as a shield against discovery of types, amounts, supporting documents, and witnesses for Plaintiff's damage claim. Plaintiff's responses to Interrogatory Nos. 11-16 refuse to disclose Plaintiff's contentions, improperly invoke Federal Rule of Civil Procedure 33(d) by failing to specify "business records," and do not provide self-contained responses.

**Interrogatory Responses at Issue**

Interrogatory #6: List each type and amount of damages that you allege against Defendant, including any harm to your physical well-being, emotional and psychological state, reputation, past and future economic earnings, educational and athletic opportunities, and future career prospects. For each listed type and amount of damages: (a) State the date(s) of each alleged harm referred to in the answer to this interrogatory; (b) Identify all supporting documents; and (c) For each alleged harm, identify (by name, address, phone number, and email address) each individual who has witnessed the harm.

>RESPONSE: Plaintiff objects to this interrogatory as contrary to FRCP 26(a)(2)(D)'s provisions regarding expert witness testimony regarding Plaintiff's damages.
>Likewise, Plaintiff objects to this request to the extent it seeks Plaintiff's communications with his attorneys Eric Rosenberg ("Rosenberg"); Brett Gibson ("Gibson"); and Rosenberg and/or Gibson's employees and/or agents (collectively referred to as "Attorney Client Privileged Communications"). Plaintiff also objects to this request to the extent it seeks materials prepared by Rosenberg; Gibson; and their employees and/or agents that is protected by the work product privilege (collectively referred to as "Attorney Work Product Privileged Materials").
>
>Without waiving these objections, information responsive to this interrogatory is located in heavily redacted business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' business records produced in discovery in this case detail how Defendants and Purdue's employees and agents unlawfully disciplined Plaintiff. These individuals are identified in Plaintiff's response to Interrogatory No.5 and are incorporated into Plaintiff's answer to this interrogatory by reference.
>
>In engaging in this unlawful conduct – which is detailed in Plaintiff's Second Amended Complaint - Defendants and Purdue's employees and agents harmed Plaintiff's physical well-being, emotional and psychological state, reputation, past and future economic earnings, educational and athletic opportunities, and/or future career prospects.
>
>Defendants' ability to ascertain this information from Defendants' redacted business records is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if Defendants produce unredacted versions of these documents, Defendants' burden for deriving or ascertaining the aforementioned information from its business records is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records to ascertain the role the individuals identified in Plaintiff's response to Interrogatory No.5 played in causing the types of harm this interrogatory seeks.
>
>Additional responsive information is located in the affidavit of Attorney Cynthia Purcell Garret in R.23-22.
>
>Finally, Plaintiff identifies the following individuals as persons possessing information regarding the harm/damages inflicted on Plaintiff and will supplement this response as additional individuals become known: [List of witnesses follows]

Interrogatory #7: State whether, since you reached age 16, you have consulted with or otherwise utilized services related to marital, family, social, psychological, or psychiatric counseling or treatment; and if so, state (i) the identity of all persons providing such counseling or treatment and (ii) the date(s) on which you utilized or received a counseling or treatment.

>RESPONSE: Plaintiff objects to this request because – with the exception of information related to Jennifer Catlett – this request is outside the scope of discovery; not relevant to any party's claim or defenses; not proportional to the needs for this case, and overbroad as to the time and topic and therefore unduly burdensome. This is because Ms. Carlett is the only

health care professional Plaintiff consulted regarding harm caused by the Defendants in this case.

Without waving this objection, Plaintiff attended a single counseling session with Jennifer Catlett, LCSM on October 9, 2019. In discovery, Plaintiff produced a letter from Ms. Catlett that addresses this session. This letter is the only documentation Plaintiff currently possess regarding his interactions with Ms. Catlett.

Interrogatory #11: Identify every item of "exculpatory evidence" referred to in Paragraphs 6, 86, 87, 96, 97, or 121 of your Amended Complaint.

RESPONSE: Information responsive to this interrogatory is located in heavily redacted business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' business records produced in discovery in this case contain the "exculpatory evidence" relevant to in Paragraphs 6, 86, 87, 96, 97, and 121 of Plaintiff's Amended Complaint.

Defendants' ability to ascertain this information from Defendants' redacted business records is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory from these business records is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records to ascertain the information sought in this interrogatory.

Plaintiff also incorporates the following information into his answer to this interrogatory: (a) ¶89 of Plaintiff's Amended Complaint, and (b) Plaintiff's "appeal" in R.23-14.

Interrogatory #12: Identify every statement or fact that you contend shows that Defendant Christie Wright acted in your particular case at least partly on the basis of your gender; and, for any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made.

RESPONSE: Plaintiff cannot properly respond to this interrogatory until: (a) Plaintiff takes Christie Wright's deposition; (b) Defendants produce all information sought in Plaintiff's discovery requests; and (c) Plaintiff obtains documentation sought in recently issued subpoenas.

Nevertheless, Plaintiff directs Defendant to the following responsive information: (a) paragraphs in Plaintiff's Second Amended Complaint that address Christie Wright, and (b) audio recording taken by the Purdue employees identified in ¶74 of Plaintiff's Second Amended Complaint.

Additional responsive information is located in the business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' ability to ascertain this information is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory is substantially the same as

>Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records for Christie Wright's actions in order to ascertain the information sought in this interrogatory.

Interrogatory #13: Identify every statement or fact that you contend shows that Defendant Jeff Rooze acted in your particular case at least partly on the basis of your gender; and, for any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made.

>RESPONSE: Plaintiff cannot properly respond to this interrogatory until: (a) Plaintiff takes Jeff Rooze's deposition; (b) Defendants produce all information sought in Plaintiff's discovery requests; and (c) Plaintiff obtains documentation sought in recently issued subpoenas.

>Nevertheless, information responsive to this request is located in Plaintiff's Second Amended Complaint that address Jeff Rooze. Additional responsive information is located in the business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' ability to ascertain this information is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records for Jeff Rooze's actions in order to ascertain the information sought in this interrogatory.

Interrogatory #14: Identify every statement or fact that you contend shows that Defendant Katherine L. Sermersheim acted in your particular case at least partly on the basis of your gender; and, for any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made.

>RESPONSE: Plaintiff cannot properly respond to this interrogatory until: (a) Plaintiff takes Defendant Sermersheim's deposition; (b) Defendants produce all information sought in Plaintiff's discovery requests; and (c) Plaintiff obtains documentation sought in recently issued subpoenas.

>Nevertheless, information responsive to this request is located in Plaintiff's Second Amended Complaint that Defendant Sermersheim. Additional responsive information is located in the business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' ability to ascertain this information is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records for Defendant Sermersheim's actions in order to ascertain the information sought in this interrogatory.

Interrogatory #15: Identify every statement or fact that you contend shows that Defendant Alysa Christmas Rollock acted in your particular case at least partly on the basis of your gender; and, for

any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made.

> RESPONSE: Plaintiff cannot properly respond to this interrogatory until: (a) Plaintiff takes Alysa Christmas Rollock's deposition; (b) Defendants produce all information sought in Plaintiff's discovery requests; and (c) Plaintiff obtains documentation sought in recently issued subpoenas.
>
> Nevertheless, information responsive to this request is located in Plaintiff's Second Amended Complaint that Alysa Christmas Rollock. Additional responsive information is located in the business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' ability to ascertain this information is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records for Alysa Christmas Rollock's actions in order to ascertain the information sought in this interrogatory.

Interrogatory #16: Identify every statement or fact that you contend shows that any agent or employee of Purdue other than those identified in the above Interrogatories numbers 12-15 acted in your particular case at least partly on the basis of your gender; identify the person who made each such statement or to whom each such fact is attributable; and, for any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made.

> RESPONSE: Plaintiff cannot properly respond to this interrogatory until: (a) Plaintiff takes the depositions of Purdue's employees and agents identified in Interrogatories numbers 12-15; (b) Defendants produce all information sought in Plaintiff's discovery requests; and (c) Plaintiff obtains documentation sought in recently issued subpoenas.
>
> Nevertheless, Plaintiff identifies the following individuals and will supplement this response as additional individuals become known:
>
> 1. Dr. Matthew W. Ohland, Purdue University. Subject of information: Advisory Panel and evidence of Defendants' GBM and/or BFAS. Defendants declined Plaintiff's request for this individual's most recent contact information (phone number, email, address, etc.). Therefore this information cannot be provided at this time.
>
> 2. Dr. Rodolfo Pinal, Purdue University. Subject of information: Advisory Panel and evidence of Defendants' GBM and/or BFAS. Defendants declined Plaintiff's request for this individual's most recent contact information (phone number, email, address, etc.). Therefore this information cannot be provided at this time.
>
> 3. Emily Stevenson, Purdue University. Subject of information: Advisory Panel and evidence of Defendants' GBM and/or BFAS. Defendants declined Plaintiff's request for this individual's most recent contact information (phone number, email, address, etc.). Therefore this information cannot be provided at this time.

4. Kasey Richardson, Center for Advocacy, Response & Education (CARE), Purdue University. Subject of information: Allegations of the Complaint and evidence of Defendants' GBM and/or BFAS. Defendants declined Plaintiff's request for this individual's most recent contact information (phone number, email, address, etc.). Therefore this information cannot be provided at this time.

5. Emily Coolman, Purdue University. Subject of information: Allegations of the Complaint and evidence of Defendants' GBM and/or BFAS. Defendants declined Plaintiff's request for this individual's most recent contact information (phone number, email, address, etc.). Therefore this information cannot be provided at this time.

Additional responsive information is located in the business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d). Defendants' ability to ascertain this information is superior to Plaintiff because Defendants possess unredacted versions of these documents. Moreover, even if the business records that Defendants produce in discovery contained no redactions, Defendants' burden for deriving or ascertaining the information sought in this interrogatory is substantially the same as Plaintiff's burden. For, both parties can conduct electronic searches of Defendants' business records to ascertain the information related to the individuals identified in items 1-5 above.

## Discussion

This motion rests on well-established discovery principles. "A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses." *Balderas v. Target Corp.*, No. 2:17-CV-270-JEM, 2018 U.S. Dist. LEXIS 215635, at *2 (N.D. Ind. Dec. 20, 2018) (citing Fed. R. Civ. P. 37(a)). Rule 33 requires Plaintiff to "provide true, explicit, responsive, complete, and candid answers to interrogatories." *Jackson v. City of Chi.*, No. 03 C 8289, 2006 U.S. Dist. LEXIS 56675, at *35 (N.D. Ill. July 31, 2006) (citation omitted). Plaintiff's answers to Purdue's Interrogatory Nos. 6-7 and 11-16 defy the purpose of Rule 33, ignore its plain language, and display a determined effort by Plaintiff to conceal his contentions and supporting evidence—or the lack thereof.

**A.  Interrogatory No. 6: Plaintiff must disclose his presently known damages and supporting information.**

Interrogatory No. 6, the full text of which is reproduced above, is a standard request for the type and amount of damages claimed and the information supporting these claims. Plaintiff

refuses to answer this interrogatory on the ground that it is "contrary to" the rule for disclosure of expert witnesses and opinions; invades the attorney client-privilege and seeks attorney work-product; and can be ascertained from "business records produced by Defendants in discovery which are incorporated by reference into this response pursuant to FRCP 33(d)." Plaintiff's objections are baseless.

The defense is entitled to damage discovery now. Rule 26(a)(1)(A)(iii) obligated Plaintiff to provide "a computation of each category of damages" and any "documents or other evidentiary material . . . on which each computation is based" as part of his initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). He failed to do so. The duty to supplement under Federal Rule of Civil Procedure 26(e) applies to this obligation. Therefore an interrogatory directed to this same topic is just as ripe now as is the Rule 26(a)(1)(A)(iii) disclosure obligation.

"A party that fails to comply with these disclosure requirements will typically be barred from presenting the computation . . . at trial." *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp.*, No. 3:11-CV-268 JD, 2017 U.S. Dist. LEXIS 110070, at *10 (N.D. Ind. July 17, 2017); s*ee also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-97 (2d Cir. 2006) (upholding exclusionary sanction for failure to meet Rule 26(a) damage-disclosure obligation). Purdue reserves its right to seek exclusion of Plaintiff's damage computations—as well as any other appropriate sanctions—should Plaintiff not cure this deficiency. In the interim, Purdue has also sought this information through its Interrogatory No. 6. Rule 26 and the authorities cited above make plain that damage discovery is not postponed until expert disclosure and discovery. Nothing in Federal Rule of Civil Procedure 26(a)(2) stays or supersedes damage discovery directed to the Plaintiff himself. Plaintiff's reliance on Rule 26(a)(2)(D) is misplaced.

Plaintiff's other objections are likewise unavailing. On its face, Interrogatory No. 6 does not seek communications to or from counsel. Therefore, Plaintiff's attorney-client privilege objection is frivolous. Plaintiff's attorney work-product objection is analyzed under Federal Rule of Civil Procedure 26(b)(3). Rule 26(b)(3) does not protect against discovery of work product that defense counsel cannot obtain "by other means." Obviously the only means by which the defense can discover Plaintiff's damage contentions is by asking Plaintiff. Therefore, the attorney work-product objection is pointless.

Plaintiff's invocation of Federal Rule of Civil Procedure 33(d) shows bad faith. Plaintiff contends that unspecified Purdue *business records* disclose Plaintiff's contentions as to when and how he was harmed, the resulting damages, and the supporting documents and witnesses. Purdue's business records plainly are not records of Plaintiff's contentions. Further, a party who invokes Rule 33(d) must "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Plaintiff's response to Interrogatory No. 6 does not even attempt to do this.

During meet-and-confer, the undersigned directed Plaintiff's counsel *to Kadambi v. Express Scripts*, Case No. 1:13-cv-321-JD-SLC, 2015 U.S. Dist. LEXIS 197275 (N.D. Ind. July 14, 2015). In that case, the Plaintiff responded to a contention interrogatory by invoking Rule 33(d). The court stated that invocation of Rule 33(d) is not appropriate in response to a "type of question whose answer cannot be derived from the records on their own, as it would require mind-reading on the part of" the defendant seeking plaintiff's contentions. *Id*. at *14. The court also stated that, even when invoking Rule 33(d), "an answer to an interrogatory . . . should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether

8

an adequate answer has been given without an elaborate comparison of answers." *Id*. at *11-12. The court's observation is firmly ground in the text of Rule 33(d), which is limited to "specif[ied]" "business records," not pleadings or other discovery documents in the case.

Plaintiff's response to Interrogatory No. 6 flouts this requirement by referring generically to "Defendants' business records produced in discovery in this case" and "Plaintiff's Second Amended Complaint" for discovery into Plaintiff's contention that "Defendants and Purdue's employees and agents harmed Plaintiff's physical well-being, emotional and psychological state, reputation, past and future economic earnings, educational and athletic opportunities, and/or future career prospects." Obviously Purdue is not in the business of recording Plaintiff's damage claim, and Plaintiff's complaint is not a business record.

Purdue requests that this Court, like the *Kadambi* court, rule that Plaintiff's response to Interrogatory No. 6 "is evasive and incomplete. . . . [Plaintiff] will be required to fully and completely answer the interrogatory by providing a supplemental written answer, not by referencing documents." *Id.* at *16.

**B.      Interrogatory No. 7: Plaintiff must disclose his entire mental and emotional caregiver history relating to his claim for emotional distress damages.**

Plaintiff's Second Amended Complaint alleges a right to "damages and declaratory relief to remedy emotional, mental and economic harm caused by Defendants." ECF No. 70 at ¶ 11. Interrogatory No. 7 seeks the identity of persons providing Plaintiff "marital, family, social, psychological, or psychiatric counseling or treatment" and the dates of the treatment. Plaintiff objects that he will "only" the name of the "health care professional Plaintiff consulted regarding harm caused by the Defendants in this case." With this objection, Plaintiff is blocking the defense from discovery of whether Plaintiff's alleged "emotional [or] mental . . . harm" alleged

9

in the Second Amended Complaint was in fact "caused by Defendants" or had other causes, including pre-existing causes.

It is well-established that a defendant is entitled to inquire broadly into the entirety of a plaintiff's social and emotional life once the plaintiff opens the door by asserting a claim for emotional distress damages. "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *see also Johnson v. Rogers*, No. 1:16-cv-02705-JMS-MPB, 2018 U.S. Dist. LEXIS 233173, at *9 (S.D. Ind. April 20, 2018) (discussion of authorities).

For these reasons, Plaintiff should be ordered to disclose the information requested by Interrogatory No. 7 and withheld by Plaintiff.

C. **Interrogatory No. 11: Plaintiff refuses to disclose "exculpatory evidence" alleged in his Complaint.**

Plaintiff's Second Amended Complaint repeatedly alleges that he provided "exculpatory evidence" to Purdue. The Second Amended Complaint's allegations include: "Purdue Actors allowed their GBM and BFAS to cause them to unlawfully expel him despite the exculpatory evidence establishing his innocence." (¶ 78); "When Doe arrived for his audio-recorded interview with Wright and Rooze . . . Doe's fears were realized in part because Wright and Rooze: (a) were largely uninterested in Doe's exculpatory evidence" (¶ 86); "Doe knows that substantial amounts of exculpatory evidence that he provided to Wright and Rooze was not contained in Wright and Rooze's Preliminary Report" (¶ 87); and, there is "exculpatory evidence detailed in Doe's response to Wright and Rooze's Preliminary Report" (¶¶ 96 and 97).

Purdue's Interrogatory No. 11 asks Doe to disclose this alleged exculpatory evidence. Plaintiff's primary response, invoking Federal Rule of Civil Procedure 33(d), is: "Defendants'

business records produced in discovery in this case contain the 'exculpatory evidence' relevant to in Paragraphs 6, 86, 87, 96, 97, and 121 of Plaintiff's Amended Complaint." As discussed above, this is a non-compliant resort to Rule 33(d). This response does not specify any business records or what information in those records is alleged to be "exculpatory evidence."

Later in his response to Interrogatory No. 11, Plaintiff quotes a single document, described in his Second Amended Complaint as his "response" to "Wright and Rooze's Preliminary Report". ECF No. 70 at ¶ 89. The defense is left to guess whether that single document is the only "business record" that Plaintiff now claims "contain[s] the 'exculpatory evidence,'" whether its contents are the only "exculpatory evidence" that Plaintiff claims exists, or whether other unspecified records "contain [other] 'exculpatory evidence'" as alleged "in Paragraphs 6, 86, 87, 96, 97, and 121 of Plaintiff's Amended Complaint."

Plaintiff's response to Interrogatory No. 11 is not "complete in itself" and "make[s] it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Kadambi*, 2015 U.S. Dist. LEXIS 197275, at *11-12. Such a hide-the-ball response flouts the purpose of Federal Rule of Civil Procedure 33. *See Korte v. Hunter's Mfg. Co.*, No. -, 2013 U.S. Dist. LEXIS 62058, at *4 (S.D. Ill. May1, 2013) ("Discovery in federal court is not an exercise in surprise or hide-the-ball[.]"). Plaintiff should be ordered to fully and completely respond to Interrogatory No. 11.

**D.     Interrogatory Nos. 12-16: Plaintiff refuses to disclose statements and facts allegedly displaying gender bias toward Plaintiff.**

John Doe must disclose and prove "facts raising the inference that Purdue acted at least partly on the basis of sex in [John Doe's] particular case." *Doe v. Purdue*, 928 F.3d 652, 669 (7th

Cir. 2019). Such an inference must fit under the well-established *McDonnell Douglas* rubric for direct and indirect evidence of discrimination.[1]

Interrogatory Nos. 12-15 seek the bases for Plaintiff's allegations of bias: "Identify every statement or fact that you contend shows that [Current Defendant Sermersheim and former defendants Rollock, Wright and Rooze] acted in your particular case at least partly on the basis of your gender; and, for any statement identified, provide the content of the statement, the person(s) who heard or otherwise received the statement, and the time and place at which the statement was made." Interrogatory No. 16 poses the same request for "any agent or employee of Purdue other than those identified in the above Interrogatories numbers 12-15."

These interrogatories are commonplace in federal discrimination cases because they seek information bearing directly on Plaintiff's imputation of bias. Remarkably, Plaintiff's responses to Interrogatory Nos. 12-16 admit that he refuses to "properly" answer the interrogatories. Plaintiff has no valid reason not to disclose the requested statements and facts. If he does not presently know of any such statements or facts, he should say so. If he does know of such statements or facts, he must disclose them now.

Plaintiff's three complaints in this case repeatedly impute gender bias to the specific individuals listed in Interrogatory Nos. 12-15. When Plaintiff filed those complaints, his counsel certified that the factual contention of gender bias on the part of those four individuals has evidentiary support. Fed. R. Civ. Proc. 11(b)(4). If Plaintiff is presently unable to disclose statements or facts showing that those four individuals "acted in [his] particular case at least

---

[1] "Title VI and Title IX are so similar that a decision interpreting one generally applies to the other." *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014); *see Brewer v. Bd. of Trs. of Univ. of Illinois*, 479 F.3d 908, 921 (7th Cir. 2007); *Martin v. S. Ill. Univ. Sch. of Med.*, No. 16-CV-3294, 2017 U.S. Dist. LEXIS 174828, at *28-32 (C.D. Ill. Oct. 23, 2017) (collecting cases applying the *McDonnell Douglas* framework to Title VI and IX claims).

partly on the basis of [his] gender[,]" then the present motion to compel presages future motion practice under Rule 11 and 42 U.S.C. § 1988.

Plaintiff's responses to Interrogatory Nos. 12-16 also improperly invoke Federal Rule of Civil Procedure 33(d), suggesting that the defense can sift through unspecified "business records" to ferret out Plaintiff's contentions as to which statement or fact "shows that [Current Defendant Sermersheim, former defendants Rollock, Wright, and Rooze, and the five other persons named in Plaintiff's response to Interrogatory No. 16] acted in [his] particular case at least partly on the basis of [his] gender."

Plaintiff's response tactic not only offends Rule 33(d), it deliberately obstructs the purpose of contention discovery. Rule 33 equips the defense to ask the Plaintiff himself to disclose his contentions directly and forthrightly, in his own words. Telling the defense to hunt elsewhere for those contentions nullifies the core purpose of Rule 33.

**Conclusion**

For the above-stated reasons, Purdue requests an order compelling Plaintiff's full and complete response to the above-discussed interrogatories, and for an award of Purdue's fees and costs in presenting this motion.

Dated: August 28, 2020                     Respectfully Submitted,

/s/ William P. Kealey
William P. Kealey, Atty. No. 18973-79
Matthew M. Humble, Atty. No. 35259-53
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
           mmh@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for the Defendants***

1318901v1