**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No: 4:19-CV-00056-TLS-JPK |
| | ) | |
| PURDUE UNIVERSITY, KATHERINE L. SERMERSHEIM, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

**STIPULATION REGARDING DISCOVERY**

Plaintiff John Doe and Defendants the Trustees of Purdue University ("Purdue") and Katherine Sermersheim, by counsel, stipulate in reference to minute entries by the Court at ECF Nos. 110-115, as follows:

1. The pendency of the complaint in *Jane Doe v. Purdue University, Mitchell Elias Daniels, Alysa Christmas Rollock, Katherine L. Sermersheim, Monica, Bloom, Erin Oliver, and Jacob Amberger*, No. 4:17-cv-94 in this Court was known to Alysa Christmas Rollock and Katherine L. Sermersheim before the commencement of Purdue's investigation of a sexual assault allegation against Plaintiff. Christina Wright and Jeffrey Rooze did not participate in the events alleged in that complaint. There were no interrogatory responses, document productions, or depositions in that lawsuit.

2. The lawsuits *Jane Doe v. Purdue Univ., et al.*, No. 4:18-cv-72, and *Mary Doe and Nancy Roe v. Purdue Univ., et al.*, No. 4:18-cv-89 in this Court, were not pending prior to Purdue's commencement of its investigation of Plaintiff.

Exhibit A

3. Not later than December 16, 2020, Purdue will provide to Plaintiff the following:

a. List of U.S. Department of Education OCR investigations of Title IX complaints against Purdue between January 1, 2015 and December 31, 2019; plus, copies of all letters, OCR notices, and records of OCR action exchanged between Purdue University and OCR in the course of those investigations; in those letters, notices, and records, the name(s) of any Purdue student(s) to be substituted with initials and gender, with all other personally identifiable information regarding students to be redacted; enclosures from underlying complaints and investigations to be excluded.

b. List of student-on-student sexual assault allegations investigated by Christina Wright or Jeffrey Rooze or decided by Katherine Sermersheim or Alysa Rollock between January 1, 2015 and December 31, 2019; complaining and responding students to be identified by initials and gender; for each investigation, Purdue to indicate (i) whether the investigation was a University-Initiated Investigation, as that term is used in Purdue's Procedures for Resolving Complaints of Discrimination and Harassment, and (ii) whether Purdue determined the respondent to be culpable of sexual assault.

c. List of student-on-student sexual assault allegations that were received by Purdue University's Office of Institutional Equity between January 1, 2015 and December 31, 2019 and not investigated, complaining and responding students to be identified by initials and gender.

d. For each current and former Individual Defendant, a list of the five most recent Title IX training programs on campus sexual assault in which the Individual Defendant participated prior to August 2018; the list to include the outside training curriculum publisher, if any, for each program.

e. Copies of all Purdue Title IX policies, including changed policies, since 2012.

4. Between November 30 and December 18, 2020, Plaintiff to have the option to depose Defendant Sermersheim regarding her custody of social media statements authored by her, whether in her personal possession or the possession of Purdue University, regarding her view (if any) on whether Justice Kavanaugh assaulted Christine Blasey Ford, her view (if any) on the Clothesline Project, and her view (if any) on Take Back the Night; this deposition will not exhaust Plaintiff's entitlement to depose Defendant Sermersheim at a later date regarding her evaluation of the evidence from the encounter between Plaintiff and Jane Roe at issue in this case.

5. Without objection from defense counsel, Plaintiff may serve "more targeted requests for social media materials relating specifically to such witnesses' alleged bias in Title IX /disciplinary investigations" [ECF No. 112] to any former Individual Defendant, as follows:

a. The requests to be limited to social media posts authored by the subpoenaed former Individual Defendant while in the employ of Purdue University;

b. The requests to be limited to be limited to the period from January 1, 2015 to December 31, 2019.

c. The requests to specify not more than ten keywords specific to culpability for sexual assault;

d. The requests to specify not more than five social media outlets for search;

e. The requests to exclude any communication regarding the sexuality (whether orientation, experience, or conduct) of the author or any past or current relative or intimate of the author.

f. The foregoing stipulated terms to be without limitation of any respondent's right to assert further or different privacy objections.

g. Plaintiff to have leave to take a limited-scope deposition of any former Individual Defendant regarding the Individual Defendant's performance of the requested search.

6. The parties agree that the above stipulations do not waive any party's right to seek additional discovery at a later date.

Respectfully submitted,

[DRAFT]
Eric J. Rosenberg (Ohio Bar No. 0069958)
Rosenberg & Ball Co. LPA
205 S. Prospect Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com
***Attorney for Plaintiff***

[DRAFT]
William P. Kealey, Atty. No. 18973-79
Matthew M. Humble, Atty. No. 35259-53
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
mmh@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1333642-2